It is so ordered.

------

# ED O'CONNELL v. CHARLES B. HOLLER AND ANOTHER.[1]

## April 22, 1921.

## No. 22,160.

**Vendor and purchaser — fraud — verdict sustained.**
    1. In an action for damages for fraud alleged to have been committed by defendants in a real estate transaction it is *held* that the evidence supports the verdict affirming the truth of the alleged fraud, and negativing the allegations of the defense that, in entering into the transaction plaintiff relied upon his own knowledge as to the character of the land, and not upon the representations made by defendants.

**Case distinguished.**
    . 2. Fitzgerald v. St. Paul, M. & M. Ry. Co. 29 Minn. 336, upon the

[1]Reported in 182 N. W. 617.

question whether the trial court here erred in stating in its instructions that the parties had agreed to the rule of damages applicable to the case, without expressly stating the views of the court thereon, explained and distinguished.

**Damages not excessive.**

3. The record presents no reversible error, and the damages awarded by the jury are not excessive.

Action in the district court for Jackson county to recover $8,000 for false representations in the sale of certain real estate. The case was tried before Dean, J., who at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $7,200. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*F. B. Faber* and *Haycraft & McCune,* for appellants.

*E. H. Nicholas,* for respondent.

BROWN, C. J.

Action for damages for the alleged fraud of defendants, in which plaintiff had a verdict and defendants appealed from an order denying their motion for judgment notwithstanding the verdict or a new trial.

The action arises out of a real estate transaction had between the parties in January, 1915. It appears that defendants owned a tract of farm land in Jackson county, this state, which they desired to sell. They approached plaintiff as a prospective purchaser. Negotiations between the parties resulted, on the date named, in a sale of the land to plaintiff for the consideration of $19,200, or $120 per acre. The purchase price was paid by the conveyance to defendants of an equity owned by plaintiff in a tract of land in the state of Iowa, the value of which was agreed to, the delivery of certain articles of personal property at an agreed valuation, and cash in an amount to equal the sale value of defendants' land, or $19,200.

The plaintiff claims, and so alleges in the complaint as the basis of the action, that, to induce plaintiff to enter into the contract, defendants represented that the Jackson county land was good agricultural land, could all be cultivated, that the entire tract was well tile drained, had a good drainage outlet, and was free from quack grass. The complaint alleges

that the representations were relied upon by plaintiff in entering into the transaction; that they were false and untrue; that the land was not tile drained; that there was no adequate or other drainage outlet, and that the land was covered with large quantities of quack grass; all to the injury and damage of the land, and greatly reducing its value for agricultural uses.

Defendants interposed in defense a denial of the alleged representations, and affirmatively alleged that plaintiff made a personal examination of the land before entering into the contract and relied upon information thus obtained, and not upon any representations made by defendants. The reply put in issue allegations of new matter contained in the answer.

The points urged in support of the appeal are: (1) That the evidence fails to show actionable fraud on the part of defendants; (2) that plaintiff in fact relied upon his own knowledge as to the condition and character of the land, and not upon the representations alleged to have been made by defendants; (3) that the court erred in certain of its instructions to the jury; and (4) excessive damages.

1. The questions do not require extended attention. We have examined the record and find no reason for disturbing the order appealed from. The evidence presents the usual real estate transaction, with its accompanying alleged false representations by the seller, and the counter contention that the purchaser, in entering into the contract, relied, not upon anything the seller had said about the land, but upon his own independent investigation of its character and condition. It fully supports the verdict affirming the truth of the plaintiff's allegations, and negativing the claim of defendants that plaintiff relied upon his own knowledge in making the purchase. A statement or discussion of the evidence is unnecessary; the conclusion stated is the result of a careful reading of the record.

2. The court in its charge to the jury made the statement that there was no evidence in the case that defendants did not receive from plaintiff the full value of the property turned in by him in payment of the land, amounting in all to $19,200, that being the purchase price of the land conveyed to plaintiff. This was incorrect, at least is so claimed by counsel for defendants, and at the conclusion of the charge attention was

called to the error. The court promptly corrected it by reading to the jury the only testimony offered by defendants having any relation to the point. Since the correction was thus made, the error was cured, and can now furnish no basis of complaint.

3. The contention that the court erred in failing to instruct upon the measure of damages is not well taken. There was a dispute between counsel early in the trial as to the rule applying to the case, but they finally agreed that the proper rule entitled plaintiff to recover, if entitled to recover at all, the difference between the value of what he parted with and the value of what he received in the transaction, and the trial proceeded accordingly. The trial court did not fully concur in that view of the law, and, instead of laying down a rule of its own, instructed the jury that the parties had agreed to the rule stated as the proper measure of damages, and that their verdict should be based thereon, that is, by taking "into account the value of the property both at the time the deal was made in January, 1915. What was the value then of both the land and the property turned over by the plaintiff to the defendant?" The verbal error in the use of the word "both" in this quotation is of no special significance. The court in effect thus acquiesced in the measure of damages agreed to by counsel; it was the correct rule as applied to the facts, and the jury were in no way misled on the subject.

Fitzgerald v. St. Paul, M. & M. Ry. Co. 29 Minn. 336, 13 N. W. 168, 43 Am. Rep. 212, presented a different situation and is not in point. There the court in its instructions stated to the jury that counsel had agreed to the rule of law applicable to a particular feature of the case, but pointedly stated, further, that he did not believe the rule so agreed to by counsel good law and that the court would, if it decided the question at all, decide it the other way. In the case at bar that situation was not presented; the court did not in its instructions disapprove of the rule agreed to by the attorneys, on the contrary stated to the jury in effect that they should be guided thereby in determining the issue of damages.

4. The damages awarded by the jury are well within the evidence and cannot be disturbed by this court.

Order affirmed.